IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALLEGHENY CASUALTY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 2:18cv564-ECM [WO] |
| JAMIE NEELEY SCARBROUGH, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court are a motion to dismiss (Doc. 27) filed on November 5, 2018, a motion to amend (Doc. 32) filed on November 20, 2018, and a motion to dismiss without prejudice (Doc. 39), filed on June 28, 2019.

## I.  PROCEDUAL HISTORY

Allegheny Casualty Company ("Allegheny") filed this declaratory judgment action seeking a declaratory judgment that it has no liability to satisfy the final judgments of criminal bail bond forfeitures identified in the complaint. (Doc. 1). Defendant Jamie Neeley Scarbrough ("Scarbrough") moved to dismiss the complaint on the ground that all of the claims in the complaint have been resolved. (Doc. 27). Allegheny then sought to amend the complaint to identify new final judgments of bail bond forfeitures. (Doc. 32). In response to this Court's order to show cause why the motion to amend ought not be granted, Scarbrough challenged the court's subject-matter jurisdiction over the proposed amended complaint (Doc. 35). Therefore, the Court ordered Allegheny to respond to the

subject-matter jurisdiction argument with respect to both the proposed amended and the original complaint. (Doc. 36).

In response to the Court's order, Allegheny filed a motion to dismiss without prejudice, representing that the attorney for Scarbrough did not consent to dismissal, but did not oppose the filing of the motion. (Doc. 39, at p. 2). Counsel for Scarbrough then filed a response stating that Scarbrough does not oppose the motion to dismiss, but does oppose a dismissal without prejudice. (Doc. 40).

## II. DISCUSSION

In this case, jurisdictional concerns were raised about Allegheny's attempted amendment of the complaint, but the court also has examined the question of subject-matter jurisdiction over the original complaint because "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

Section 1332 of Title 28 of the United States Code grants federal subject-matter jurisdiction over actions between citizens of different states in which the amount in controversy exceeds $75,000. That is the basis for jurisdiction invoked by Allegheny in the original complaint (Doc. 1) and the proposed amended complaint. (Doc. 32-1).

The facts of this case involve Allegheny's allegations that Scarbrough has attempted to execute multiple final judgments of forfeiture of bail bonds against Allegheny even though Allegheny is not a party to those judgments. (Doc. 1 & 32-1). As noted, Allegheny

seeks a declaratory judgment that it has no liability to satisfy the final judgments of criminal bail bond forfeitures. The amount in controversy, therefore, is the amount of the forfeited bail bonds. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) ("When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective.").

Although given an opportunity to demonstrate that subject-matter jurisdiction exists in this case, Allegheny has instead sought dismissal, and has presented no evidence as to the amount in controversy.[1]

Documents identifying the bonds and their amounts are attached to the complaint. (Doc. 1).[2] Upon review of the documents attached to the complaint, the total amount of the bonds identified equals approximately $40,000, which is far less than $75,000. No other damages are sought in this declaratory judgment action. Accordingly, upon review of the factual allegations of the complaint, and the attachments to that complaint, the court concludes that less than $75,000 is in controversy. There also is no federal question in this case. Therefore, the court lacks subject-matter jurisdiction and this case is due to be dismissed without prejudice. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*,

---

[1] Because Allegheny does not present any evidence on the issue of subject-matter jurisdiction, the court finds that a determination can be made on the basis of the record, without evidentiary hearing. *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1170 (11th Cir. 2011) (stating that an evidentiary hearing is not required in resolving a motion to dismiss for lack of subject-matter jurisdiction).

[2] The bond amounts in the attachments to the original complaint are listed as $2,594, $2,500, $2,594, $2,500, $3,594, $3,500 (Doc. 1-2), $3,500, $3,585, $1,085, $1,085 (Doc. 1-3), $3,585, $2,594, $3,594, $2,594, $1,085 (Doc. 1-5). It is unclear whether some of these amounts are duplicated, but even considering all documented amounts, the total amount is $39,989.

524 F.3d 1229, 1232 (11th Cir. 2008). ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

## III. CONCLUSION

For the reasons discussed, it is hereby ORDERED that the motion to dismiss (Doc. 39) is GRANTED to the extent that this case is DISMISSED without prejudice for lack of subject-matter jurisdiction.

DONE this 8th day of July, 2019.

    /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE